**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK HEUER, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SOCIETY INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, SOCIETY INSURANCE, by and through its attorneys CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The above-captioned action is pending in the Circuit Court of Cook County, Illinois, as Case No. 2026L001560. The affidavit of Thomas K. Hanekamp is offered in support of Defendant's notice of removal and is attached hereto as **Exhibit 1.** *See* Ex.1, Hanekamp Aff. ¶ 7, **Exhibit B.**

2. Plaintiff commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois on February 9, 2026. *See* Ex.1, Hanekamp Aff. ¶ 7, **Exhibit B.**

3. Defendant seeks to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4. As shown below, diversity of citizenship exists. Defendant asserts a good faith basis that the amount in controversy exceeds $75,000.00, and removal is timely.

1

**ARGUMENT**

**A.**     **Diversity of Citizenship Exists**

5.     The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

6.     In *Hertz*, the United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93.

7.     At all relevant times, Plaintiff was an Illinois corporation with its principal place of business located in Richmond, Illinois. *See* Ex.1, Hanekamp Aff. ¶¶ 5-6, **Exhibit A**.

8.     At all relevant times, Defendant was a mutual insurance company, incorporated in the State of Wisconsin since 1915. *See* Ex.1, Hanekamp Aff. ¶ 8, **Exhibit C**.

9.     Under Wisconsin law, mutual insurance companies are treated as corporations. *See* Wis. Stat. § 611.13.

10.     At all relevant times, Defendant maintained its principal place of business in the State of Wisconsin, headquartered in Fond du Lac, Wisconsin, and domiciled in Wisconsin. *See* Ex.1, Hanekamp Aff. ¶ 8, **Exhibit C**.

11.     Defendant therefore satisfies both prongs of citizenship as defined by the United States Supreme Court in *Hertz* and is deemed a citizen of the State of Wisconsin.

12.     Thus, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.     The Amount in Controversy Exceeds $75,000.00**

13.     Plaintiff alleges in Paragraph 15 of its Complaint that it has sustained damages in excess of $500,000.00 to its property. *See* Ex.1, Hanekamp Aff. ¶ 7, **Exhibit B**, ¶ 21.

14.     Accordingly, Defendant believes in good faith that the amount in controversy is in excess of the jurisdictional limit of $75,000.00.

**C.     Removal Is Timely Filed**

15.     This Notice of Removal was filed within (30) thirty days of "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

16.     The Plaintiff filed its Complaint on February 9, 2026. *See* Ex.1, Hanekamp Aff. ¶ 7, **Exhibit B**.

17.     Defendant, Society Insurance, was served with process on or about February 25, 2026. *See* Ex.1, Hanekamp Aff. ¶ 9, **Exhibit D**.

18.     Defendant has properly filed its Notice of Removal within the applicable thirty-day period. Therefore, Defendant's Notice of Removal is timely filed.

19.     As required by 28 U.S.C. §1446(d), the movants will promptly serve upon Plaintiff's counsel and file with the Circuit Court of Cook County a true and correct copy of this Notice.

20.     As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached. *See* Ex.1, Hanekamp Aff. ¶ 10, **Exhibit D.**

21. Defendant also provides this Court with a true and accurate copy of the insurance policy materials the Plaintiff filed with the Complaint in the state court lawsuit. *See* Ex.1, Hanekamp Aff. ¶ 10, **Exhibit E.**

22. By removing this action, Defendant does not waive any of the defenses available to it.

23. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

24. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, SOCIETY INSURANCE, prays that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant further prays that, should this Court require a hearing, it be afforded the opportunity to present a brief and oral argument in support of its position, and for any other relief that this Court deems proper and just.

Respectfully submitted,

SOCIETY INSURANCE

By:   */s/  Thomas K. Hanekamp*
          One of its Attorneys

Thomas K. Hanekamp
thanekamp@cmlawfirm.com
Lamiaa Bitar
lbitar@cmlawfirm.com
CRUSER MITCHELL NOVITZ SANCHEZ
GASTON & ZIMET LLP
205 North Michigan Avenue Suite 4240

Chicago, Illinois 60601
(312) 748-1304
Firm ID. 101236
Attorneys for Society Insurance